Abelson
LAW OFFICES

80 West Main Street
P.O. Box 7005
Freehold, New Jersey 07728

Steven J. Abelson, Esq.

Phone: (877) 552-5529
(732) 462-4773
Fax: (732) 462-6673

www.atrbklaw.com
*Email:* sjaesq@atrbklaw.com

**September 6, 2026**

Hon. Vincent F. Papalia
Judge US Bankruptcy Court
50 Walnut Street
Newark, NJ 07102

Re: In re Geer
Bankruptcy Case # 26-14268 (VFP)

Dear Judge Papalia:

Kindly accept this letter response and short memo following the recent supplemental submission by creditor's counsel.

This matter is presented to the Court upon the Debtor's application to reopen the Bankruptcy to enforce the Discharge Injunction pursuant to 11 U.S.C. § 524(a). Upon the filing of this motion, counsel did instruct the Bergen County Sheriff's office to release the levy and those funds have now been returned to the Debtor. The remaining issue before the Court is the application for damages as a result of the creditor's failure to release the levied those funds of the debtor for approximately four months, from 4/17/26 until 8/4/26.

Creditor's position appears to have shifted from an initial argument that there were instructions to release the levy pre-petition on April 6, 2026. This was denied by the Bergen County Sheriff – see Exhibit D of Debtor's response filed 8/17/26, Docket No. 20. Counsel now claims that a failure to take any action is not an affirmative act and its "non-action" is protected by the *Denby-Peterson* holding. We will address that but initially note that this application is a Motion to Enforce the Discharge Injunction which is not controlled by either 11 U.S.C. § 362(a) or *Denby-Peterson*.

**ARGUMENT I**
**11 U.S.C. § 524(a)(2) precludes the "continuation of an action or the employment of process" and therefore the failure to release upon discharge is a per se violation of the Injunction.**

The release of these funds should not have required a Motion to Reopen to Enforce the Discharge Injunction. Creditor's counsel was on repeated notice of the bankruptcy filing and fully aware that even if somehow doing nothing was now deemed under law not to be a stay violation, the holding of Debtor's funds would immediately become a violation of the Discharge injunction upon issuance.

The Supreme Court has held that a creditor may be held in civil contempt for violating a discharge order "if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart v. Lorenzen*, 587 U.S. ___ , 139 S.Ct. 1795, 1799 (2019). *See also In re Thomas (Thomas v. City of Philadelphia ets.)* 177 F.4th 493 (3rd Cir., 2026). No argument has been asserted at all by the creditor as to a legal right to continue to hold debtor's funds, merely that it cannot be punished as stay violation for doing so. The failure to return garnished funds after discharge has been held to fall within these parameters subjecting the creditor to damages. *See In re Ragone, Jr. (Ragone Jr. v. Stefanik & Christie, LLC, ets.)* (6th Cir., BAP, No. 20-8013, 2021).

It is anticipated that creditor will insist that the violation was only a matter of weeks- but that is not the issue. Had debtor not filed this motion, there can be little doubt that the hold would continue to this date or worse, a turnover motion would have ensued. The debtor was damaged by the necessity of filing this application and should be compensated for same.

**ARGUMENT II**
***Denby-Peterson* is limited in scope to acts under 11 U.S.C. § 362(a)(3) and does not control the "continuation" of a judicial process against the Debtor as prohibited under 11 U.S.C. § 362(a)(1).**

As feared by several commentators at the time, the decision in *In re Denby-Peterson* 941 F.3d 115 (3d Cir. 2019) has taken on a life of its own and has quickly become the "last refuge" of creditors who ignore the automatic stay. Such is the case herein. Let us be clear. This is not a Corvette repossessed under a private security agreement and simply retained in a lot – which until that decision would have been deemed a violation of 11 U.S.C. § 363(a)(3). Rather this is use of a Court Order or judicial process (Judgment and Writ of Execution) to obtain and retain funds belonging to the Debtor. Creditor's only claim to those funds are the Orders of the Superior Court of New Jersey and 11 U.S.C. § 362(a)(1) explicitly prohibits:

> The commencement or ***continuation,*** including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement

> of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. {emphasis added}

This is a wholly different standard than (a)(3) as it explicitly prohibits the continuation of the use of judicial process which is what has transpired in this matter. The creditor continued to rely upon the authority of the Superior Court against the interest and rights of the Debtor in bankruptcy. The stay violation commenced upon filing on 4/17/26 until discharge and in spite of court notice and repeated direct creditor notice from Debtor's counsel. I am at a loss to see how this would not be in violation of 11 U.S.C. § 362(a)(1) resulting in automatic damages under 11 U.S.C. § 362(k).

For these reasons, it is respectfully requested that the Court impose upon the creditor sufficient fees, costs and/or sanctions to compensate the debtor for retention of his funds and the necessity of this motion practice.

We thank the Court for its courtesies.

Respectfully yours,

/s/ Steven J. Abelson
ABELSON LAW OFFICES

SJA/aoc
Enc.
cc: Andrew Sklar, Esq.
Mr. William Geer